IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LYNNETT MYERS, <br> 32535 Ross Road <br> Portland, Ohio 45770 <br><br> And <br><br> CAROL BUTLER, <br> 188 Paulhurst Plaza <br> Parkersburg, West Virginia 26101 <br><br>       Plaintiffs, <br><br> - vs - <br><br> MEMORIAL HEALTH SYSTEM <br> MARIETTA MEMORIAL HOSPITAL <br> By Serving Its Registered Agent <br>   Paul G. Westbrock <br>   401 Matthew Street <br>   Marietta, Ohio 45750 <br><br>       Defendant. | Case No. 2:17-cv-438 <br><br> Judge <br><br> Magistrate Judge <br><br><br><br><br><br><br> **COMPLAINT** <br> **WITH JURY DEMAND** <br> **ENDORSED HEREIN** |

## COMPLAINT

**I.    JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 29 U.S.C. §216(b).

2.    This Court has supplemental jurisdiction over Plaintiffs' tortious interference with business relationships claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and S.D. Ohio Civ. R. 82.1(b) because the acts giving rise to the claims of the Plaintiffs occurred within this

judicial district, and Defendant regularly conducts business in and has engaged and continues to engage in the wrongful conduct alleged herein – and thus, are subject to personal jurisdiction within – this judicial district.

4. Pursuant to Southern District of Ohio Local Rule 3.1(b) this case is related to Case No. 2:15-cv-2956 before Judge Algenon L. Marbley.

5. Plaintiffs are properly joined pursuant to Rule 20 of the Federal Rules of Civil Procedure.

## II. PARTIES

6. Plaintiff, Lynnett Myers, is a citizen of the State of Ohio who was employed as a nurse by Defendant in Marietta, Ohio during the statutory period covered by this Complaint.

7. Plaintiff, Carol Butler, is a citizen of the State of West Virginia who was employed as a nurse by Defendant in Marietta, Ohio during the statutory period covered by this Complaint.

8. Ms. Myers' "Consent to Sue" is attached to this complaint as Exhibit A.

9. Ms. Butler's "Consent to Sue" is attached to this complaint as Exhibit B.

10. Defendant, Marietta Memorial Hospital, is a non-profit corporation organized under the laws of the State of Ohio and has conducted business throughout the State of Ohio.

11. Defendant's principal place of business is located at 401 Matthew Street, Marietta, Ohio 45750 and regularly conducts business within this judicial circuit.

## III. STATEMENT OF FACTS

12. Defendant maintained an illegal policy wherein it automatically deducted a 30 minute unpaid lunch for each shift its employees worked, regardless of whether the employee actually took a bona fide lunch break.

13. As a result of this policy, Defendant forced employees, including Ms. Myers and Ms. Butler, to work during lunch and did not compensate them for that work.

14. Ms. Myers complained to her managers that Defendant had an illegal lunch break policy and that she worked hours for which she was not paid.

15. Ms. Myers formally complained about the lunch deduction policy in open forum work meetings. Ms. Myers explained that she was unable to take a lunch and that understaffing would make it unsafe for her to take a lunch.

16. Ms. Myers attempted to cancel the automatic deduction on a day that she did not take a lunch.

17. Ms. Myers' manager verbally reprimanded her for canceling the automatic lunch deduction and threatened further action if she ever canceled the deduction again.

18. Ms. Butler also complained to her managers that Defendant had an illegal lunch break policy and that she worked hours for which she was not paid.

19. Ms. Butler formally complained about the lunch deduction policy in open forum work meetings. Ms. Butler explained that she was unable to take a lunch and that understaffing would make it unsafe for her to take a lunch.

20. Ms. Butler attempted to cancel the automatic deduction on a day that she did not take a lunch.

21. Ms. Butler's manager, Mandy Reiss, verbally reprimanded and yelled at her in public for canceling the automatic lunch deduction. The manager threatened further action if she ever canceled the deduction again.

22.     Defendant took no action to rectify the illegal lunch break practice, or to ameliorate the unsafe work conditions created by the application of the illegal lunch deduction policy.

23.     Through reprimanding Ms. Myers and Ms. Butler and discouraging employees from requesting to receive compensation for all hours worked, Defendant created a hostile work environment.

24.     Ms. Myers informed Defendant that it had a year to fix the illegal pay policy and create safe working conditions or she and others would have to seek employment elsewhere.

25.     Due to unworkable conditions and Defendant's unwillingness to rectify its illegal pay policy, both Ms. Myers and Ms. Butler left their employ with Defendant.

26.     Ms. Myers and Ms. Butler initiated conversations with Jackson Nursing, an employment agency, about contracting for work as travelling nurses.

27.     Ms. Myers tendered her resignation on September 19, 2015 to the hospital.

28.     Ms. Butler tendered her resignation on October 3, 2015 to the hospital.

29.     Jackson Nursing indicated that it was very interested in hiring both Ms. Myers and Ms. Butler.

30.     Jackson Nursing exchanged emails with both Ms. Myers and Ms. Butler and offered each of them a position and commenced the paperwork process.

31.     Ms. Myers and Ms. Butler accepted a position with Jackson.

32.     Ms. Myers and Ms. Butler were going to be placed to work in a hospital not far from their homes.

33.     On or about September 23, 2015, Defendant entered into and negotiated a non-solicitation agreement with Jackson Nursing.

34. As part of that agreement. Defendant told Jackson Nursing that it could not hire Ms. Myers or Ms. Butler for at least one year.

35. In essence, Defendant blacklisted Ms. Myers and Ms. Butler.

36. Jackson Nursing left Ms. Myers a voicemail revoking its offer, stating that it could not hire Ms. Myers because of conversations it had with Defendant.

37. Jackson Nursing also did not hire Ms. Butler and indicated that it was due to its conversation with Defendant.

38. The non-solicitation agreement as it is written is *per se* illegal because it prohibits Jackson Nursing from hiring employees of Defendant even if those employees initiate the contact with Jackson Nursing.

39. After Jackson Nursing revoked its offer, Ms. Myers and Ms. Butler had to seek employment at a different travel nursing agency.

40. Travel nursing was the only option for Ms. Myers and Ms. Butler because Defendant is the largest employer in the county.

41. At their new travel agency, Ms. Myers and Ms. Butler were required to take assignment at a hospital all the way in California.

42. Ms. Myers and Ms. Butler had to spend extensive time away from their families.

43. Neither Ms. Myers nor Ms. Butler ever signed a non-compete agreement with Defendant.

**FIRST CAUSE OF ACTION**
**(FLSA Retaliation – Ms. Myers)**

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. Defendant unlawfully retaliated against Ms. Myers in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.

5

46. Ms. Myers engaged in a protected activity when she tried to cancel the automatic lunch deduction; formally and informally complained to Defendant that it had failed to pay her for all hours worked as required by law; gave Defendant one year to rectify the problem; and thereafter brought Civil Case No. 2:15-cv-2956 alleging claims against Defendant for unpaid overtime wages under the FLSA, 29 U.S.C. §§206-206 and Ohio law.

47. Defendant knew that Ms. Myers engaged in such protected activity.

48. Because Ms. Myers engaged in the aforementioned protected activity, Defendant took the following adverse retaliatory employment actions against her: reprimanding her; creating a hostile work environment; constructively discharging her; and destroying future employment prospects by calling potential employer Jackson Nursing and blacklisting her.

49. As a direct and proximate result of Defendant's conduct, Ms. Myers has suffered and continues to suffer emotional distress and damages. In addition, Ms. Myers seeks compensatory damages, liquidated damages, punitive damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's retaliation in violation of 29 U.S.C. §215.

### SECOND CAUSE OF ACTION
### (FLSA Retaliation – Ms. Butler)

50. All of the preceding paragraphs are realleged as if fully rewritten herein.

51. Defendant unlawfully retaliated against Ms. Butler in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq.

52. Ms. Butler engaged in a protected activity when she tried to cancel the automatic lunch deduction; formally and informally complained to Defendant that it had failed to pay them for all hours worked as required by law; gave Defendant one year to rectify the problem; and thereafter brought Civil Case No. 2:15-cv-2956 alleging claims against Defendant for unpaid overtime wages under the FLSA, 29 U.S.C. §§206-206 and Ohio law.

53. Defendant knew that Ms. Butler engaged in such protected activity.

54. Because Ms. Butler engaged in the aforementioned protected activity, Defendant took the following adverse retaliatory employment actions against her: reprimanding her; creating a hostile work environment; constructively discharging her; and destroying future employment prospects by calling potential employer Jackson Nursing and blacklisting her.

55. As a direct and proximate result of Defendant's conduct, Ms. Butler has suffered and continues to suffer emotional distress and damages. In addition, Ms. Butler seeks compensatory damages, liquidated damages, punitive damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's retaliation in violation of 29 U.S.C. §215.

## THIRD CAUSE OF ACTION
### (Tortious Interference With Business Relationship – Ms. Myers)

56. All of the preceding paragraphs are realleged as if fully rewritten herein.

57. Ms. Myers had a business relationship with Jackson Nursing.

58. Defendant had knowledge of Ms. Myers' relationship with Jackson Nursing and had knowledge that Jackson Nursing intended to or had hired her.

59. Defendant interfered with this business relationship by calling Jackson Nursing and telling Jackson Nursing it could not hire Ms. Myers.

60. Defendant had its management talk to Jackson Nursing and required it to enter into an illegal non solicitation agreement.

61. Defendant acted in retaliation against Ms. Myers. The actions of Defendant as alleged herein were taken with malicious purpose, in bad faith, or in a wanton and reckless manner.

62. Defendant intended to blacklist Ms. Myers and ruin her future employment prospects.

63. As a direct and proximate result of Defendant's conduct, Ms. Myers has suffered and continues to suffer emotional distress and damages. In addition, Ms. Myers seeks compensatory damages, punitive damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's tortious interference.

**FOURTH CAUSE OF ACTION**
**(Tortious Interference With Business Relationship – Ms. Butler)**

64. All of the preceding paragraphs are realleged as if fully rewritten herein.

65. Ms. Butler had a business relationship with Jackson Nursing.

66. Defendant had knowledge of Ms. Butler's relationship with Jackson Nursing and had knowledge that Jackson Nursing intended to or had hired her.

67. Defendant interfered with this business relationship by calling Jackson Nursing and telling Jackson Nursing it could not hire Ms. Butler.

68. Defendant had its management talk to Jackson Nursing and required it to enter into an illegal non solicitation agreement.

69. Defendant acted in retaliation against Ms. Butler. The actions of Defendant as alleged herein were taken with malicious purpose, in bad faith, or in a wanton and reckless manner.

70. Defendant intended to blacklist Ms. Butler and ruined her future employment prospects.

71. As a direct and proximate result of Defendant's conduct, Ms. Butler has suffered and continues to suffer emotional distress and damages. In addition, Ms. Butler seeks compensatory damages, punitive damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's tortious interference.

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

a. An award of damages in an amount to be proved at trial, including but not limited to lost wages, compensatory damages, non-compensatory damages, emotional distress damages, nominal damages, liquidated damages, and punitive damages;

b. An award of prejudgment, post judgment, and all other interest available under law;

c. An award of the costs and expenses incurred in bringing this action together with reasonable attorneys' fees and expert fees;

d. An injunction, prohibiting Defendant from further retaliation or threats of retaliation; and

e. Such other and further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.      (0093584)
Lance Chapin               (0069473)
Chapin Legal Group, LLC
580 South High Street, Suite 330
Columbus, Ohio  43215
Telephone:    614.221.9100
Facsimile:     614.221.9272
E-mail:   sbabin@chapinlegal.com

Attorneys for Plaintiffs
Lynnett Myers, *et al.*

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues.

/s/ Steven C. Babin, Jr.
Steven C. Babin, Jr.   (0093584)
Chapin Legal Group, LLC
Attorney for Plaintiffs