IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LYNNETT MYERS, *et al.,* : | |
| : | Case No. 2:15-CV-2956 |
| Plaintiffs, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| MEMORIAL HEALTH SYSTEM : | |
| MARIETTA MEMORIAL HOSPITAL, *et al*,: | |
| : | |
| Defendants. : | |

| | |
|---|---|
| LYNNETT MYERS & CAROL BUTLER, : | |
| : | Case No. 2:17-CV-438 |
| Plaintiffs, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| MEMORIAL HEALTH SYSTEM : | |
| MARIETTA MEMORIAL HOSPITAL, : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| KIM WECKBACHER, : | |
| : | Case No. 2:16-CV-1187 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| MEMORIAL HEALTH SYSTEM : | |
| MARIETTA MEMORIAL HOSPITAL, : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| JOSH BOOTH, : | |
| : | Case No. 2:17-CV-439 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| MEMORIAL HEALTH SYSTEM : | |
| MARIETTA MEMORIAL HOSPITAL, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

### I. Background

These are four related cases before this Court: 15-2956, *Myers et al. v. Marietta Hospital, et al.,* ("the class case"); 16-1187, *Weckbacher v. Marietta Hospital* ("Weckbacher"), 17-438, *Myers & Butler v. Marietta Hospital* ("Myers & Butler"); and 17-439, *Booth v. Marietta Hospital* ("Booth"). The class case is a collective action brought by nurses who are and were employed by Defendant hospital. The other three cases are brought by plaintiffs who are members of that collective action, alleging retaliation in violation of the Fair Labor Standards Act ("FSLA"). These three cases are collectively referred to as "the retaliation cases."

This Court recently decided Motions for Summary Judgment in these cases. In the class case, this Court granted Plaintiffs' Motion to add Defendants Cantley and Young in their individual capacities, and denied Plaintiffs' Motion for Summary Judgment, finding that genuine disputes of material fact remain. (ECF Nos. 246, 247). In *Myers & Butler, Weckbacher*, and *Booth*, this Court denied Defendants' Motions for Summary Judgment for the same reason. (*Myers & Butler*, ECF Nos. 30, 31; *Weckbacher*, ECF No. 29; *Booth*, ECF No. 23).

This Court took notice that these four cases involve the same parties, and the material facts that remain in genuine dispute have substantial overlap across the four cases and involve largely the same set of events. Accordingly, this Court held a telephonic status conference on April 9, 2019 at 3:00 PM. The parties were asked to be prepared to discuss Fed. R. Civ. P. 42. The parties' positions are memorialized in a Joint Motion and Notice submitted by the parties. (*The class case*, ECF No. 249; *Myers & Butler*, ECF No. 33; *Booth*, ECF No. 25; *Weckbacher*, ECF No. 31).

2

Plaintiffs support consolidating *Myers & Butler*, *Weckbacher*, and *Booth* – the retaliation cases – but not consolidating those three cases with the class case. Defendants do not support any consolidation of these matters.

For the reasons below, this Court hereby **orders** consolidation of the retaliation cases – Myers & Butler, Weckbacher, and Booth – but does **not** consolidate these cases with the class case.

## II.     Law & Analysis

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the court has the discretion to:

1. join for hearing or trial any or all matters at issue in the actions;
2. consolidate the actions; or
3. issue any other orders to avoid unnecessary cost or delay.

There need not be "complete identity of legal and factual issues posed in the cases which are the subject of the request." *J4 Promotions, Inc. v. Splash Dogs, LLC*, 2010 WL 3063217, at *1 (S.D. Ohio Aug. 3, 2010). The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). If the conservation of judicial resources achieved through consolidation "are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id. See also Linihan v. Food Concepts Int'l, LP*, 2016 WL 759884, at *1–2 (S.D. Ohio Feb. 26, 2016).

As this Court found in the three retaliation cases, there remains a genuine dispute of fact about what Defendant hospital knew about the protected activities of the plaintiffs, and when the hospital gained that knowledge. For example, as this Court detailed in its earlier order (*Booth*,

ECF No. 23), Plaintiff Booth worked with his supervisor to "flex down" his work schedule to create shifts that would work better for him and his family, including his daughter who had recently been diagnosed with autism. He later signed a consent-to-join the collective action. Sometime after having signed the consent-to-join, Booth was told that the "flex down" position was no longer available; he was permitted to apply for a per diem position, but this position did not offer health care. Booth alleges this was in retaliation for his signing the consent-to-join, while the Defendant hospital argues they had no notice that Booth had agreed to join the collective action. Therefore, the jury will need to determine, *inter alia*, when Defendant hospital gained the requisite knowledge of Booth's protected activities, and whether there was a sufficient causal connection between Booth's activities and what he argues was retaliation by Defendant such that there was a violation of the FLSA.

Similarly, Plaintiff Weckbacher signed her consent-to-join the collective action ten days before she was fired by Defendant hospital; she had worked there for twenty-one years. In her deposition, Weckbacher also said she had been discussing with other nurses the Defendant's lunch deduction policy. Defendant argued they did not have the requisite knowledge of her protected activities. (*Weckbacher*, ECF No. 29). The jury will need to determine, *inter alia*, when Defendant hospital knew of Weckbacher's protected activities, and whether there was sufficient casual connection so as to violate the FLSA.

Plaintiff Myers and Plaintiff Butler brought their retaliation suit together. Plaintiff Butler had complained to her supervisors on multiple occasions about Defendant's automatic lunch deduction policy. She had submitted her resignation paperwork to the hospital and was prepared to take a position with Jackson Nursing before her recruiter told her that Jackson could no longer hire anyone from Marietta. (*Myers & Butler*, ECF Nos. 30, 31). Although Butler also bring a

4

tortious interference claim, the questions that will need to be resolved in her case – what did Defendant know of her protected activities, when did they gain that knowledge, and was there a sufficient causal connection – are the same as those that need resolving in Booth's and Weckbacher's cases. The same is true for Plaintiff Myers: she was told she could no longer take the position with Jackson Nursing after she had submitted her notice to Marietta. The same questions will need to be resolved in her case.

Reviewing these facts, this Court finds that these four plaintiffs' claims involve many of the same questions of law, and determining the disputed facts would be accomplished with more alacrity if the cases were consolidated. In addition, consolidating these three similar cases avoids the risk of preclusion, whereby one party's adverse finding bars subsequent similarly situated parties from mounting their own thorough argument or defense.

This Court acknowledges the arguments of the parties that the class case is both different in kind and at a different stage of the litigation from the retaliation cases. As a result, this Court finds that consolidating the class case with the retaliation cases would not be what Rule 42 imagines and would not bring economy and clarity to the proceedings.

Therefore, because consolidating the retaliation cases will allow for "expedition and economy while providing justice to the parties," *Advey, supra*, and will reduce the risk of a preclusive finding in the first case to go to trial, this Court hereby finds that the requirements of Rule 42 have been met. The retaliation cases – *Weckbacher*, *Booth*, and *Myers & Butler* – are hereby consolidated and may be set for trial. The class case – Myers, et al. – is not consolidated with the other cases.

**IT IS SO ORDERED.**

                                             s/Algenon L. Marbley  
                                             **ALGENON L. MARBLEY**  
                                             **UNITED STATES DISTRICT JUDGE**

**DATED: June 3, 2019**