**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **KIM WECKBACHER,** : | |
| : | **Case No. 2:16-cv-01187** |
| Plaintiff, : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Vascura |
| **MEMORIAL HEALTH SYSTEM MARIETTA** : | |
| **MEMORIAL HOSPITAL,** : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| **LYNNETT MYERS, et al.,** : | |
| : | **Case No. 2:17-cv-00438** |
| Plaintiffs, : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Vascura |
| **MEMORIAL HEALTH SYSTEM MARIETTA** : | |
| **MEMORIAL HOSPITAL** : | |
| : | |
| Defendant. : | |

| | |
|---|---|
| **JOSHUA BOOTH,** : | |
| : | **Case No. 2:17-cv-00439** |
| Plaintiff, : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Vascura |
| **MEMORIAL HEALTH SYSTEM MARIETTA** : | |
| **MEMORIAL HOSPITAL** : | |
| : | |
| Defendant. : | |

1

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Exclude Witnesses. (Doc. 74.)[1] The Court held a telephonic status conference on November 7, 2019. For the reasons stated on the record and set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion [#74].

**II. LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Federal Rule of Civil Procedure 26(a) governs initial disclosures and Rule 26(e) concerns the duty to supplement these initial disclosures and other discovery responses. *See* Fed. R. Civ. P. 26(a) and (e). Under Rule 26(a), a party must disclose, among other things, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a). A party must supplement these initial disclosures, as well as responses to interrogatories and other discovery, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

---

[1] This is a consolidated case. For clarity, the Court refers to the docket in case number 16-cv-01187.

Here, Plaintiffs move to exclude twelve witnesses that Defendant allegedly failed to identify in its initial or supplemental disclosures.  The Court previously struck six of Plaintiffs' trial witnesses for this exact reason.  (*See* Doc. 73 at 11-13.)  During the telephonic status conference, Defendant represented that it did not intend to call six of the witnesses at issue in this Motion.[2]  Still, Defendant contends that its failure to disclose the other six witnesses was harmless, as Plaintiffs were aware of these witnesses' identity and the substance of their knowledge, including having access to some of these individuals' witness statements.

As an initial matter, it is without question that Defendant breached its obligations under Federal Rule of Civil Procedure 26 when it failed to identify these six individuals as trial witnesses.  That Plaintiffs may have been aware of their identity and/or the substance of their knowledge is immaterial.  *See Oster v. Huntington Bancshares Inc.*, 2017 WL 3208620, at *10 (S.D. Ohio July 28, 2017) (Marbley, J.) ("While [Plaintiff] may have known of the existence of these people and the substance of their knowledge, she did not know their statuses as witnesses until months after the discovery deadline.  Therefore, the information at issue here (the witness status of the proposed witnesses) 'had not otherwise been made known to the other parties during the discovery process or in writing' and Defendants breached their duties under Rule 26(e).").

Moreover, until Defendant identified these individuals as trial witnesses, Plaintiffs had little incentive to depose them or conduct otherwise necessary discovery.  This, in and of itself, can preclude a finding of harmlessness.  *See Horn v. R.C. Hemm Glass Shops, Inc.*, 2017 WL 2779716, at *3 (S.D. Ohio June 26, 2017) ("Until Defendant actually identified these individuals as witnesses, Plaintiff had little incentive to depose them or conduct written discovery.

---

[2] Defendant does not intend to call the following six witnesses: (1) Juanita Duff; (2) Michelle Grimm; (3) Sharon Beichner; (4) Roseanne Brooks; (5) Traci Wilson; and (6) Joseph Fridiger.  Accordingly, the Court **EXCLUDES** these six witnesses from trial.

Accordingly, Defendant's failure to timely identify them as witnesses cannot be deemed harmless.").

Finally, fairness requires the Court to apply the same standards to both parties. The Court struck six of Plaintiffs' trial witnesses on the same basis that Plaintiffs now seek to exclude Defendant's witnesses. And, like here, Defendant had prior knowledge of the identity of some of Plaintiffs' excluded witnesses. Accordingly, in addition to the six witnesses that Defendant represented it would not call at trial, the Court **EXCLUDES** the following witnesses:

1. Maggie Enoch
2. Tanya Smeeks
3. Lori Williams
4. Paige Smith
5. Jo Edwards

The Court will not, however, exclude Phil Amos, as Plaintiffs had the opportunity to depose him in this case. The failure to identify Mr. Amos as a trial witness earlier was, therefore, harmless.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Exclude Witnesses [#74].

**IT IS SO ORDERED.**

     /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 12, 2019**